**Susie E. Schmidt, Appellee, v. National Life Insurance Company of the United States of America, Appellant.**

**Gen. No. 21,406.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 28, 1916.

### Statement of the Case.

Action by Susie E. Schmidt, plaintiff, against National Life Insurance Company of the United States of America, defendant, to recover as beneficiary under two accident insurance policies. From a judgment in favor of plaintiff, defendant appeals.

The defenses relied on were that the policies had lapsed by reason of failure to pay the renewal premium and that the fatal injury resulted from "exposure to unnecessary danger."

The policies contained a provision that the insurance thereunder would not cover injuries resulting from "exposure to unnecessary danger." Each covered loss of life within thirty days from bodily injuries received "while walking on a public highway by being knocked down, struck, run over or otherwise injured by actual

contact with any conveyance   *   *   *   propelled by steam, electricity,'' etc.

The evidence showed that the assured was struck and knocked down at night by a westbound electric street car in Madison street, Chicago, at or near its intersection with North Campbell avenue while walking south across the former on the west side of the latter, and died within a few hours from the injuries received. An eastbound car was also approaching said avenue at the same time at which he appeared to be looking. The westbound car slackened its speed at the crossing and sounded its gong. As it slowed down the assured either hesitated or stopped for a moment and immediately afterward resumed his way across the tracks still watching the eastbound car. As soon as the motorman of the westbound car observed his hesitation or stop, he released the brakes, turned on the power and went ahead to an almost instantaneous collision.

L. A. STEBBINS, for appellant.

JOHN S. HUEY, for appellee, ALBERT G. MILLER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 621*—*when parol evidence to contradict receipt for renewal premium inadmissible.* In an action to recover on an accident insurance policy, where defendant issued and delivered to the insured a written renewal receipt which stated that it was for value received and that the policy was "continued in force" for the period covering the time of the accident, defendant cannot contradict its effect by parol evidence that delivery of the receipt was conditional on an oral promise to pay the renewal premium and that it was not paid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INSURANCE, § 686*—*when question whether accident caused by exposure to unnecessary danger one of fact.* In an action on an accident insurance policy not covering injuries from exposure to unnecessary danger, *held* that under the circumstances the question as to whether there was such an exposure was one of fact.

3. INSURANCE—*when evidence sufficient to justify verdict.* In an action to recover under an accident insurance policy, evidence examined and *held* sufficient to support the verdict.